UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDITH C. SOMER,

          Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

          Defendant.

Case No. C06-5007RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 16) and the plaintiff's objections thereto (Dkt. 17). The Court has reviewed the Report and Recommendations, the plaintiff's objections, and the file herein.

## I. BACKGROUND AND DISCUSSION

The Report and Recommendation recommends that the decision of the ALJ be affirmed. The plaintiff objects on the following grounds: (1) failure to consider medical reports submitted to the appeals council; (2) failure to properly evaluate Ms. Somers's[1] subjective complaints of pain; and (3) the opinion of the vocational expert is invalid. Dkt. 17.

### A. ADDITIONAL EVIDENCE SUBMITTED TO THE APPEALS COUNCIL

The Report and Recommendation finds that only evidence available to the ALJ before the decision was rendered is subject to review before this Court. Dkt. 16 at 5-6. The plaintiff objects on the grounds that medical records of her bowel obstruction surgery, performed after the ALJ rendered a decision, and

---

[1] It appears that the caption in this case erroneously lists the plaintiff's last name as "Somer" rather than "Somers."

ORDER
Page 1

Dr. Weber's September 2005 followup evaluation were submitted to the Appeals Council and are part of the record to be reviewed by this Court. The defendant filed no response to the plaintiff's objections but contended in the response that the denial of review by the Appeals Council is not itself subject to review by this Court and that the plaintiff must therefore establish that the Olympic Medical Center records and Dr. Weber's followup report are new evidence that is material and was omitted for good cause. Dkt. 12 at 11.

The Court's scope of review is governed by 42 U.S.C. § 405(g), which provides as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g).

The defendant cites evidence indicating that the Third and Eighth Circuits do not consider additional evidence submitted to the Appeals Council to be part of the record on review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995). The Ninth Circuit has taken a different approach. *See Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) ("However, Appellant submitted additional materials to the Appeals Council in conjunction with his request that they review the ALJ Decision. . . . We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review."); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) (evidence obtained after the ALJ's decision and submitted to the Appeals Council is part of the record on review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993) (considering the ALJ's decision and additional material submitted to the Appeals Council because the Appeals Council denied review after considering the case on its merits and examining the entire record, including the additional materials); *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990) (upholding Appeals Council's decision on evidence submitted after the ALJ rendered a decision). The Court should therefore hold that Dr. Weber's report submitted to the Appeals Council after the ALJ rendered a decision is part of the record to be reviewed.

Having determined that additional evidence submitted to the Appeals Council is to be considered as part of the record in this case, the Court must determine whether medical records from the Olympic

Medical Center and Dr. Weber's September 2005 report warrant a remand.

**B. PERSUASIVENESS OF ADDITIONAL EVIDENCE**

The plaintiff contends that the ALJ improperly weighed the medical evidence. Specifically, Ms. Somers contends that her surgery at the Olympic Medical Center after the ALJ rendered a decision supports other evidence in the record that she suffers from abdominal pain, nausea, and vomiting and that these impairments are severe. She also contends that Dr. Weber's September report should be considered.

**1. Olympic Medical Center Records**

On July 30, 2005, Ms. Somers was admitted to the Olympic Medical Center for a small bowel obstruction, which was treated surgically. Dkt. 8 at 400. The plaintiff contends that this surgery supports other evidence in the record of her intestinal problems. *See, e.g.,* Dkt. 8 at 315-16 (Ms. Somers's assessment included a "history of gastrectomy, . . . nausea, and vomiting" in March of 2001), 199 (Ms. Somers was seen in January 2002 for abdominal pain), 365 (peptic ulcer disease in 2004). Ms. Somers testified as to problems with her bowels during the hearing. Dkt. 8 at 434, 436, 445. The plaintiff fails to point to evidence in the record demonstrating that her intestinal symptoms, including her bowel obstruction, affect her ability to work. The Court should therefore hold that the plaintiff's Olympic Medical Records do not warrant a remand.

**2. Dr. Weber's September Report**

The plaintiff contends that Dr. Weber's report is significant because it confirms his prior findings and concludes that the plaintiff is unable to perform most kinds of work. Dkt. 17 at 7. The plaintiff contends that two aspects of Dr. Weber's second report merit a remand for additional proceedings.

First, the plaintiff cites Dr. Weber's notes regarding the plaintiff's dizziness, incontinence, diarrhea, abdominal pain, physiologic tremor, and arthritis of the shoulder, neck and hand. Dkt. 17 at 7. The Court has compared Dr. Weber's February and September 2005 reports. *See* Dkt. 8 at 396 (February report), 424 (September report). With the exception of abdominal pain, each of the symptoms referenced in the plaintiff's objections appears in both reports. Much of the September report is a nearly verbatim recitation of the February report. Moreover, the Court notes that the September report is apparently merely a compilation of previous reports. *See* Dkt. 8 at 424 ("Richard Linn Rogers [plaintiff's counsel] - Pt received unfavorable decision on her claim for SS disability benefits. We request a detailed narrative report which documents all of her various impairments."). As set forth in the Report and Recommendation, the ALJ

ORDER
Page  3

properly considered Dr. Weber's February report. The plaintiff fails to cite a portion of the September report that was not contained in the February report and that would merit a remand.

Second, the plaintiff cites a statement in which Dr. Weber assessed the plaintiff's vocational abilities. Specifically, Dr. Weber wrote that the plaintiff is a "[p]oor candidate for most forms of work." Dkt. 8 at 424. This isolated conclusion does not reference any particular medical findings. To the extent that it references the plaintiff's "shoulder, neck and hand arthritis on top of chronic dizziness, incontinence, diarrhea and abdominal pains," these findings were properly addressed by the ALJ and do not merit a remand in light of Dr. Weber's assessment of the plaintiff's ability to work.

**B. MS. SOMERS'S SUBJECTIVE COMPLAINTS**

The plaintiff objects to the Report and Recommendation on the grounds that the ALJ improperly evaluated Ms. Somers's subjective complaints of pain. Dkt. 17 at 7. The plaintiff specifically contends that the ALJ relied too heavily on the report of Dr. Borrone, which expressed "grave reservations" about Ms. Somers's subjective complaints and characterized her movements as "too studied" and "deceptive." Dkt. 8 at 331.

The ALJ also relied upon Dr. Brem's report that Ms. Somers's husband was urging her to seek social security benefits even though Dr. Brem stated that Ms. Somers's conditions might not qualify as an actual disability (Dkt. 8 at 124) and upon Ms. Somers's receipt of retirement benefits, which serve as a disincentive for seeking out work (*Id.* at 346). Taken together, these portions of the record provide substantial evidence supporting the ALJ's determination that Ms. Somers was not credible.

**C. VOCATIONAL EXPERT OPINION**

Finally, the plaintiff contends that the vocational expert's opinion was invalid because the hypothetical posed by the ALJ was too vague. This argument is premised upon the plaintiff's contentions that the ALJ's determination of non-severity with regard to several impairments was erroneous. Having found no error in the ALJ's analysis of the medical evidence or Ms. Somers's credibility, the Court should hold that the ALJ's hypothetical and reliance on the vocational expert's testimony were not in error.

**II. ORDER**

Therefore, it is hereby

1     **ORDERED** Report and Recommendation of Magistrate JudgeJ. Kelley Arnold (Dkt. 16) is
2 **ADOPTED**.

3     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
4 and to any party appearing *pro se* at said party's last known address.

5     DATED this 13th day of October, 2006.

                                                    */s/ Robert J Bryan*
                                                  Robert J Bryan
                                                  United States District Judge